UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANESH SANKAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA NORTHSTATE UNIVERSITY, LLC,<br><br>Defendant. | No. 2:24-cv-00473-DAD-JDP<br><br><br>ORDER RELATING AND REASSIGNING CASES, GRANTING THE PARTIES' JOINT MOTION TO CONSOLIDATE CASES, AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 9, 15) |
| ERIKA TITUS-LAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA NORTHSTATE UNIVERSITY, LLC,<br><br>Defendant. | No. 2:24-cv-01231-JAM-DB |

Before the court is the parties' joint stipulation requesting that the court consolidate two cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: (i) *Sankar v. California Northstate University, LLC*, 2:24-cv-00473-DAD-JDP, which was filed on February 15, 2024 and is currently pending before the undersigned ("*Sankar*"); and (ii) *Titus-Lay v. California Northstate University, LLC*, 2:24-cv-01231-JAM-DB, which was filed on April 29, 2024 and is

1

currently pending before Senior District Judge John A. Mendez ("*Titus-Lay*").  (Doc. No. 15.)  Although the parties did not file their stipulation in the *Titus-Lay* action, the stipulation filed in the *Sankar* action is signed by all counsel, including counsel of record for the plaintiff in the *Titus-Lay* action.  (*See id.* at 4–5.)

As a preliminary matter, the parties did not file a notice of related cases in either action as required by Local Rule 123.  Specifically, Local Rule 123(b) provides that "[c]ounsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases."  L.R. 123(b).  Nonetheless, the parties' stipulation expresses the parties' belief that the two cases are related.  (*See* Doc. No. 15 at 3) ("These actions involve allegations by the same or similar parties, and allege the same or similar claims, and questions of fact and law—thus, consolidation will avoid unnecessary costs and duplication of proceedings.").

Indeed, an examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.  The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort. L.R. 123(c).  Such good cause appearing here, the court will order that Case No. 2:24-cv-01231-JAM-DB be reassigned to the undersigned and Magistrate Judge Jeremy D. Peterson.

Moreover, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

/////

Here, the court finds that the above-captioned actions involve the same or similar parties, claims, and questions of fact or law, and that consolidation will avoid unnecessary costs and duplication of proceedings. Thus, good cause exists to consolidate these cases.

Accordingly,

1. The parties' joint motion to consolidate cases (Doc. No. 15) is granted;

    a. Plaintiffs shall file a consolidated complaint by no later than thirty (30) days after entry of this order;

    b. Defendant's response to the consolidated complaint shall be filed by no later than thirty (30) days after service of the consolidated complaint; and

    c. If defendant's response is a motion to dismiss, then plaintiffs shall file their opposition or statement of non-opposition by no later than thirty (30) days after service of that motion, and defendant's reply shall be filed within twenty-one (21) after service of plaintiffs' opposition;

2. Defendant's pending motion to dismiss in the *Sankar* action (Doc. No. 9) is denied as having been rendered moot by this order;

3. The above-referenced cases are hereby related and consolidated for all purposes, including trial, pursuant to Federal Rule of Civil Procedure 42(a);

4. The Clerk of the Court is directed to reassign case 2:24-cv-01231-JAM-DB to District Judge Dale A. Drozd and Magistrate Judge Jeremy D. Peterson;

5. Going forward, the parties and the Clerk of the Court are directed to file documents under only the lead case number. The Clerk of the Court is directed to administratively close the member case. Future captions should indicate the lead case number followed by the member case numbers as follows:

    **Lead Case:**     2:24-cv-00473-DAD-JDP

    **Member Case:**   2:24-cv-01231-DAD-JDP

6. The Clerk of the Court is directed to file this order in each of the above-referenced cases; and

/////

7. It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

Dated: __May 14, 2024__  

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE