Kristen Lake Cardoso, CSB No. 338762
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-990-2218
cardoso@kolawyers.com

[Additional Counsel in Signature Block]

*Attorney for Plaintiffs and the Proposed Classes*

Bethany G. Lukitsch, CSB No. 314376
**BAKER & HOSTETLER LLP**
11601 Wilshire Blvd, Suite 1400
Los Angeles, CA 90025
Tel: 310-820-8800
blukitsch@bakerlaw.com

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANESH SANKAR, ERIKA TITUS-LAY, JARED CAVANAUGH, and KIMBERLY VONGNALITH, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CALIFORNIA NORTHSTATE UNIVERSITY, LLC,<br><br>      Defendant. | Lead Case No: 2:24-cv-00473-DAD-JDP<br>Member Case: 2-24-cv-01231-DAD-JDP<br><br>**STIPULATED PROTECTIVE ORDER AND** ~~**[PROPOSED]**~~ **ORDER** |

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER

**IT IS HEREBY STIPULATED  AND AGREED** by and between Plaintiffs Ganesh Sankar, Erika Titus-Lay, Jared Cavanaugh, and Kimberly Vongnalith (collectively, "Plaintiffs"), and Defendant California Northstate University, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, as follows:

WHEREAS, the Parties agree that disclosures and discovery activity in the above-titled action ("Action") is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 5, below, that this Protective Order does not entitle them to file Confidential Information under seal; Local Civil Rule 140 and 141, and the Standing Orders of this Court, set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal;

WHEREAS, the Parties agree that such "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" information should only be disclosed pursuant to the terms of this Protective Order;

WHEREAS, the Parties agree that the confidential nature of certain information, particularly personally identifiable information, establishes good cause for the issuance of this Protective Order; and

THEREFORE, the Parties seek entry of an order, governing the disclosure of documents and information therein designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" on the terms set forth herein, as well as an order governing the return of privileged

information, documents, and data and affording the Parties certain protections on the terms set forth herein.

1. **<u>DEFINED TERMS</u>**

   In this Protective Order, the words set forth the below shall be defined as follows:

   a) "Attorneys' Eyes Only" material shall include but are not limited to extremely commercially sensitive information, the disclosure of which to another party or non-party would create a risk of serious harm that could not be avoided by less restrictive means. Such information shall include but is not limited to trade secrets; confidential research and development; highly confidential IT and network security documents, the disclosure of which could subject Defendant to cyber risk; accounting/financial information, books, and records that are not made public; any non-public technical, marketing, pricing and revenue information; and any other commercially sensitive trade secret information.

   b) "Confidential Information" shall mean information that a Designating Party identifies as "Confidential." Only information meeting the following criteria may be designated as "Confidential" (unless the Parties expressly agree otherwise); Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (1) contains sensitive personally identifiable information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or (2) contains information over which the Designating Party has a duty or obligation to maintain confidentiality. Confidential Information shall include but are not limited to the following documents and tangible things produced or otherwise exchanged: documents containing information that a Producing Party is obligated by law to maintain in confidence; customer information and data; information that is subject

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER
4859-5403-7746, v. 1

to the privacy interests of any individual; social security numbers or financial account numbers; credit reports, credit history, or debt history; certain business and marketing plans, strategies, analyses, or surveys that are not otherwise categorized as Highly Confidential; contracts and agreements or any draft negotiations, or summaries thereof; and more general information that is related to network security that is not otherwise designated Highly Confidential or Attorneys' Eyes Only.

c) "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential," "Highly Confidential," or, when appropriate, "Attorneys' Eyes Only"

d) "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

e) "Highly Confidential Information" shall mean information that a Designating Party identifies as "Highly Confidential." Only information meeting the following criteria may be designated as "Highly Confidential" (unless the Parties expressly agree otherwise): (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other information the disclosure of which the Producing Party reasonably and in good faith believes would likely cause harm.

---

4

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

4859-5403-7746, v. 1

f) "PII" means "personally identifiable information" and includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

g) "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

h) "Protected Material" shall refer to any information designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" pursuant to this Protective Order.

i) "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

j) "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (*e.g.*, ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; and court reporters), as well as their employees, independent contractors, and subcontractors.

2. **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their counsel to or in Court or in other settings that might reveal Protected Material.

However, the protections conferred by this Agreement do not cover information that is in the public domain or becomes part of the public domain through trial.

5

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

4859-5403-7746, v. 1

3.  **DESIGNATING PROTECTED MATERIAL**

3.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of same. Designations shall be made in the following manner:

a)  Protected Material produced in documentary form *(e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), shall be marked with the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or, when appropriate "ATTORNEYS' EYES ONLY" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER
4859-5403-7746, v. 1

specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name or as specified in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b)  Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to counsel within thirty (30) days of receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified. All transcripts of any testimony in this Action shall be designated as "HIGHLY CONFIDENTIAL" until fourteen (14) days have passed following the receipt of the transcript, or the Parties agree to a different designation. If a party or non-party desires to protect Confidential or Highly Confidential Information at trial, the issue should be addressed during the pre-trial conference.

c)  Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

d)  If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER
4859-5403-7746, v. 1

Material and the level of protection to be accorded same. Upon notification, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected Material is treated in accordance with the provisions of this Protective Order from that point forward. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, Highly Confidential, or Attorneys' Eyes Only, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential, Highly Confidential, or Attorneys' Eyes Only. Designation by either Party of information or documents under the terms of this Protective Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

e) Other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "Highly CONFIDENTIAL" and, when appropriate, "ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Agreement. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether this Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Protective Order.

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER
4859-5403-7746, v. 1

4.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4.1     <u>Timing of Challenges</u>.   Any party or non-party may challenge a designation of confidentiality, including an Attorney's Eyes' Only designation, at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4.2     <u>Written Notice</u>.   If the Receiving Party wants to challenge either the designation of information, documents, or data as Protected Material, it must first notify the Designating Party in writing of both the specific Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material.

4.3     <u>Meet and Confer</u>.   The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a video telephone conference.

4.4     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality and in compliance with Civil Local Rule 141, if applicable) within twenty one (21) days of the initial notice of challenge or within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

9

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER

by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within twenty one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Receiving Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

5.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

    5.1  <u>Basic Principles</u>.  The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action. The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

    5.2  <u>Procurement and Retention of "Acknowledgements and Agreements to Be Bound"</u>. The Producing Party or Protected Material shall procure and retain copies of their respective "Acknowledgements and Agreements to Be Bound" (*see* Exhibit A) until at least sixty (60) days

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER

4859-5403-7746, v. 1

after the termination of this Action. Unless the requesting person establishes prima facie evidence of a violation of this Protective Order, the Parties' "Acknowledgements and Agreements to Be Bound" need not be produced.

     5.3   <u>Disclosure of Protected Material</u>.

   a) Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

      i.   the counsel of record in this Action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

      ii.   the Parties themselves, including officers, directors, and employees (including in-house counsel) of a party who have a reason to know the information, so long as each such employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      iii.   Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      iv.   the Court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;

      v.   professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      vi.   professional Vendors, such as litigation support and copy Vendors, to whom disclosure is reasonably necessary for this litigation;

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

vii.  a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Protective Order;

viii. a mediator jointly retained by the Parties and the mediator's personnel;

ix.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew the Protected Material;

x.  witnesses and potential witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where a party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material; and

xi.  such other persons as the Parties mutually agree may be shown the Protected Material. All such persons shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

b)  All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited. Unless otherwise ordered by the Court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

i.  the counsel of record in this Action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

ii.  Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER
4859-5403-7746, v. 1

<ol type="i" start="3">
<li>the Court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;</li>
<li>professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);</li>
<li>professional Vendors, such as litigation support and copy Vendors, to whom disclosure is reasonably necessary for this litigation;</li>
<li>a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Protective Order;</li>
<li>a mediator jointly retained by the Parties and the mediator's personnel; and</li>
<li>the author or recipient of a document containing Protected Material or a custodian or other person who otherwise possessed or knew the information.</li>
</ol>

c) All disclosures of Protected Material marked "ATTORNEYS' EYES ONLY" are to be limited. Unless otherwise ordered by the Court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

<ol type="i">
<li>the counsel of record in this Action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;</li>
<li>the Court and its personnel, including any agreed-upon or designated mediator(s), and court reporters and their staff;</li>
<li>copy or imaging services retained by counsel to assist in the duplication of Attorneys' Eyes Only material, provided that counsel</li>
</ol>

13

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

4859-5403-7746, v. 1

for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

iv.   the author or recipient of a document containing Protected Material or a custodian; and

v.   any person the Parties agree to in writing.

5.5   <u>Filing Protected Material</u>.  Before filing any Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party, in accordance with Local Civil Rule 141, to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Confidential Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 141, even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" that Party must:

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER
4859-5403-7746, v. 1

a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

7.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER
4859-5403-7746, v. 1

8. **<u>NON-WAIVER</u>**

The Parties agree that they do not intend to disclose information subject to a legally recognized claim of privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, or other applicable privilege) ("Protected Information"). If, nevertheless, the Producing Party discloses Protected Information to another party, such disclosure shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party. When the Producing Party gives notice to receiving parties of a production of Protected Information, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein; the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Protected Information under this Protective Order.

9. **<u>NON TERMINATION AND RETURN OF DOCUMENTS</u>**

Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

Within sixty (60) days of the termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, counsel for the Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER
4859-5403-7746, v. 1

or constitute Protected Material remain subject to this Protective Order and all of the protections set forth herein. Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the PII provided to it by the other party hereunder, and shall at all times protect the PII with reasonable and appropriate administrative, technical and physical security controls.

10. **<u>MISCELLANEOUS</u>**

10.1   <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any party to seek its modification by the Court in the future.

10.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

10.3   <u>Court's Authority</u>.  The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

10.4   <u>No Prior Judicial Determination</u>.  This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential by the Parties or their counsel is entitled to protection under the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

This Protective Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

STIPULATED PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER

4859-5403-7746, v. 1

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

2

3    Dated: November 4, 2024          **BAKER & HOSTETLER LLP**

4                                     By:    */s/ Bethany G. Lukitsch*

5                                            Bethany G. Lukitsch
                                             Sean P. Killeen
6                                            Ciara N. Westbrooks

7                                            *Attorneys for Defendant*
                                             CALIFORNIA NORTHSTATE
8                                            UNIVERSITY, LLC

9    Dated: November 4, 2024          **EDELSBERG LAW, P.A.**

10

11                                    By:    */s/ Scott Edelsberg*
                                             Scott Edelsberg (SBN 330990)
12                                           *scott@edelsberglaw.com*
                                             1925 Century Park E #1700
13                                           Los Angeles, CA 90067
14                                           Telephone:    305.975.3320

15   Dated: November 4, 2024          **KOPELOWITZ OSTROW P.A.**

16

17                                    By:    */s/ Kristen Lake Cardoso*
                                             Kristen Lake Cardoso (SBN 338762)
18                                           *cardoso@kolawyers.com*
                                             One West Las Olas Boulevard Suite 500
19                                           Fort Lauderdale, FL 33301
20                                           Telephone:    954.990.2218

21   Dated: November 4, 2024          **TURKE & STRAUSS LLP**

22

23                                    By:    */s/ Andrew G. Gunem*
                                             Andrew G. Gunem (SBN 354042)
24                                           *andrewg@turkestrauss.com*
                                             Cassandra Miller (*Pro Hac Vice* forthcoming)
25                                           *cassandram@turkestrauss.com*
                                             613 Williamson Street, Suite 201
26                                           Madison, Wisconsin 53703

27                                      18

28   STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

Telephone:      608.237.1775
Facsimile:      608.509.4423

*Attorneys for Plaintiffs and the Proposed Class*

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

4859-5403-7746, v. 1

# EXHIBIT A
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANESH SANKAR, ERIKA TITUS-LAY, JARED CAVANAUGH, and KIMBERLY VONGNALITH, individually, and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>CALIFORNIA NORTHSTATE UNIVERSITY, LLC,<br><br>                     Defendant. | Lead Case No: 2:24-cv-00473-DAD-JDP<br>Member Case: 2-24-cv-01231-DAD-JDP |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order, dated October 21, 2024, in the above captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Stipulated Order may result in penalties for contempt of Court.


Name: _____

Job Title: _____

Employer:_____

Date:_____          _____
                                               Signature

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER

1

## [PROPOSED] ORDER

2          The Court, having considered the parties' Stipulated Protective Order, and for good cause

3    shown, hereby orders as follows: The Stipulated Protective Order is APPROVED and entered into

4    the record.

5

6    IT IS SO ORDERED.

7

8    Dated:    November 4, 2024            _____
                                          JEREMY D. PETERSON
9                                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4859-5403-7746, v. 1