Cassandra P. Miller
Andrew G. Gunem (SBN 354042)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com
agunem@straussborrelli.com

[Additional Counsel in Signature Block]

*Attorneys for Plaintiffs and the Proposed
Settlement Class*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GANESH SANKAR, ERIKA TITUS-LAY, JARED CAVANAUGH, AND KIMBERLY VONGNALITH**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA NORTHSTATE UNIVERSITY, LLC**,<br><br>Defendant. | Lead Case No. 2:24-cv-00473-DAD-JDP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS AND MEMORANDUM IN SUPPORT**<br><br>Judge Dale A. Drozd<br><br>Date: April 20, 2026<br>Time: 1:30 p.m.<br>Courtroom: 4 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on Monday, April 20, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-captioned Court before the Honorable Dale A. Drozd, Plaintiffs Ganesh Sankar, Erika Titus-Lay, Jared Cavanaugh, and Kimberly Vongnalith ("Plaintiffs"), will and hereby do move for an Order, consistent with the terms of the Class Action Settlement Agreement in this case, awarding Class Counsel's attorney's fees in the amount of $100,000.00 (25% of the total value of the Settlement Fund), reimbursing Class Counsel's litigation expenses in the amount of $1,614.02, and awarding Service Awards of $2,000.00 to each Class Representative.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum in Support, the Joint Declaration of Class Counsel, the Class Action Settlement Agreement and Release (the "Settlement Agreement" or "SA") previously filed with the Court (ECF No. 42-1),[1] and all papers filed in support thereof, the argument of counsel at the hearing of this Motion, all papers and records on file in this matter, and such other matters as the Court may consider.

Dated: March 6, 2026                    Respectfully submitted,

By: /s/ Cassandra P. Miller
    Cassandra P. Miller*
    Andrew G. Gunem (SBN 354042)
    **STRAUSS BORRELLI PLLC**
    One Magnificent Mile
    980 N. Michigan Avenue, Ste. 1610
    Chicago, IL 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    cmiller@straussborrelli.com
    agunem@straussborrelli.com

    Kristen Lake Cardoso (SBN 338762)

---

[1] All capitalized terms herein shall have the meaning ascribed to them in the Settlement Agreement unless explicitly stated herein.

1

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

**KOPELOWITZ OSTROW P.A.**
One W. Las Olas Blvd., Ste. 500
Fort Lauderdale, Florida 33301
Telephone: (954) 990-2218
cardoso@kolawyers.com

Scott Edelsberg (SBN 330990)
**EDELSBERG LAW, P.A.**
1925 Century Park E #170
Los Angeles, CA 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

Leanna A. Loginov*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Telephone: (305) 479-2299
lloginov@shamisgentile.com

*Attorneys for Plaintiffs and the Proposed
Settlement Class*

2

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

## **CERTIFICATE OF MEET AND CONFER COMPLIANCE**

Pursuant to the Court's Standing Order, undersigned counsel certifies that counsel for Plaintiffs met and conferred with counsel for Defendant regarding the substance of the contemplated motion. Defendant does not oppose the relief requested.

*/s/ Cassandra P. Miller*
Cassandra P. Miller

3

**TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND AND SUMMARY OF THE

      SETTLEMENT TERMS..................................................................................2

III.  ARGUMENT ......................................................................................................3

   A.  The Court Should Approve the Application for Award of Attorney's Fees. ........................ 3

      1.    Applicable Legal Standards..................................................................3

      2.    The Requested Fee is Reasonable Under the Percentage of the Fund Method. ............4

         i.    Factors 1, 2, and 4: The Size of the Fund, the Benefits Obtained, and the  ..Quality of

         the Results. ........................................................................... 5

         ii.   Factor 3: The Risk Undertaken by Counsel ................................................ 6

         iii.  Factor 5: Efforts Expended by Counsel. .................................................. 7

         iv.   Factor 6: Awards in Similar Cases. ...................................................... 8

      3.    The Lodestar Method Confirms the Reasonableness of the Requested Fee..................9

         i.    The Number of Hours Claimed is Reasonable .............................................. 9

         ii.   The Hourly Rates are Reasonable. ...................................................... 11

         iii.  Class Counsel's Lodestar Reflects a Modest Multiplier. ................................ 11

      4.    The Requested Fee Award is Not the Product of Collusion......................................12

   B.  Class Counsel Are Entitled to Reimbursement of Litigation Costs. ................................ 13

   C.  The Court Should Approve the Service Award. ................................................... 14

IV.  CONCLUSION ..................................................................................................14

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

# TABLE OF AUTHORITIES

**CASES**

*Ahmed v. HSBC Bank United States*,
2019 WL 13027266 (C.D. Cal. Dec. 30, 2019)..............................................................................4

*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,
421 U.S. 240 (1975) .........................................................................................................3

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................14

*Blum v. Stenson*,
465 U.S. 886 n.11 (1984) ................................................................................................11

*Briseno v. ConAgra Foods, Inc.*,
998 F.3d 1014 (9th Cir. 2021)........................................................................................12

*Ctr. for Biological Diversity v. Env't Prot. Agency*,
No. C 17-00720 WHA, 2017 WL 6761932 (N.D. Cal. Dec. 4, 2017)........................................9

*Dearing v. Magellan Health Inc. et al.*,
No. CV2020-013648 (Supr. Ct. Ariz., Maricopa Cty.) ................................................6

*Desue v. 20/20 Eye Care Network, Inc.*,
No. 21-CIV-61275-RAR, 2023 WL 4420348 (S.D. Fla.)............................................6

*Gannon v. Truly Nolen of Am. Inc.*,
No. CV 22-428-TUC-JAS, 2023 WL 6536477 (D. Ariz. Aug. 31, 2023) ................................7

*Hanlon  v. Chrysler Group*,
150 F.3d 1011 (9th Cir. 1998)........................................................................................3

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994)..............................................................................................13

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)..........................................................................................................4

*Hogsed v. PracticeMax, Inc.*,
No. 2:22-cv-01261 (D. Ariz.)..........................................................................................11

*Hopkins v. Stryker Sales Corp.*,
2013 WL 496358 (N.D. Cal. Feb. 6, 2013)....................................................................12

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

Case 2:24-cv-00473-DAD-JDP   Document 50   Filed 03/06/26   Page 7 of 25

*In re Anthem, Inc. Data Breach Litig.*,
  327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................... 6

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F. 935 (9th Cir. 2011) ............................................................................... 3, 4, 9

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
  999 F.3d 1247 (11th Cir. June 3, 2021) ...................................................................... 5

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
  No. 17-md-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020) ........................................ 5

*In re Ethos Tech. Inc. Data Breach Litig.*,
  No. 3:22-cv-09203 (N.D. Cal.) ............................................................................... 11

*In re Forefront Data Breach Litig.*,
  No. 1:21-CV-00887, ECF No. 81 (E.D. Wis. March 1, 2023) ................................................. 6

*In re Mercury Interactive Corp.*,
  618 F.3d 988 (9th Cir. 2010) ................................................................................. 3

*In re Solara Medical Supplies Data Breach Litigation*,
  No. 3:19-cv-02284 (S.D. Cal.) ............................................................................... 11

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
  No. CV-87-3962, 1989 WL 73211 (C.D. Cal. Mar. 9, 1989) ................................................ 13

*In re: Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.*,
  No. 3:23-cv-04089, ECF No. 68 (N.D. Cal.) .................................................................. 11

*In re: Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ................................................................................. 4

*Johnson v. Yuma Reg'l Med. Ctr.*,
  No. CV-22-01061-PHX-SMB, 2024 WL 4803881 (D. Ariz. Nov. 15, 2024) ............................... 7

*Kondo v. Creative Servs. Inc.*,
  No. 1:22-cv-10438 (D. Mass.) ................................................................................. 5

*Kostka v. Dickey's Barbecue Restaurants Inc.*,
  No. 3:20-cv-3424 (N.D. Tex.) ................................................................................. 6

*Lim v. Transforce, Inc.*,
  No. LA CV19-04390 JAK, 2022 WL 17253907 (C.D. Cal. Nov. 15, 2022) ........................... 12

*Loring v. City of Scottsdale*,
  721 F.2d 274 (9th Cir. 1983) ................................................................................. 13

iii

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

*Lusk v. Five Guys Enters. LLC,*
  No. 1:17-cv-00762-AWI, 2022 WL 4791923 (E.D. Cal. Sep. 30, 2022) ................................ 13

*Maree v. Deutsche Lufthansa AG,*
  No. 8:20-cv-00885, 2022 WL 5052582 (C.D. Cal. Sep. 30, 2022) ......................................... 12

*McKinney-Drobnis v. Oreshack,*
  16 F.4th 594 (9th Cir. 2021) ................................................................................................. 12

*Perez, et al. v. Carvin Wilson Software, LLC,*
  No. CV-23-00792 (D. Ariz.) ................................................................................................. 11

*Rivera-Marrero v. Banco Popular de Puerto Rico,*
  No. CV 22-1217 (ADC), 2023 WL 2744683 (D.P.R. Mar. 31, 2023) ...................................... 7

*Rodriguez v. W. Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) ................................................................................................. 14

*Rutti v. Lojack Corp., Inc.,*
  No. SACV 06–350 DOC (JCx), 2012 WL 3151077 (C.D. Cal. July 31, 2012) ...................... 13

*Schwarz v. Sec'y of Health and Human Serv.,*
  73 F.3d 895 (9th Cir.1995) .................................................................................................... 11

*Scifo v. Alvaria, Inc.,*
  No. 23-CV-10999-ADB, 2024 WL 4252694 (D. Mass. Sept. 20, 2024).................................. 7

*Singer v. Becton Dickinson & Co.,*
  No. 08-CV-821-IEG, 2010 WL 2196104 (S.D. Cal. June 1, 2010) ......................................... 9

*Vasquez v. Coast Valley Roofing, Inc.,*
  266 F.R.D. 482 (E.D. Cal. 2010)............................................................................................. 9

*Viceral v. Mistras Grp., Inc.,*
  No. 15-cv-02198, 2017 WL 661352 (N.D. Cal. Feb. 17, 2017) ............................................ 14

*Vinh Nguyen v. Radient Pharm. Corp.,*
  No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ............................................... 3

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) ................................................................................. 3, 4, 9, 12

*Vu v. I Care Credit, LLC,*
  No. CV 17-04609 RAO, 2022 WL 22871480 (C.D. Cal. Nov. 4, 2022)................................. 13

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011)................................................................................................................ 3

iv

PLAINTIFFS' UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

*Wininger v. SI Mgmt. L.P.*,
301 F.3d 1115 (9th Cir. 2002).................................................................................. 13

*Zwicky v. Diamond Resorts Inc.*,
No. CV-20-02322-PHX-DJH, 2024 WL 1717553 (D. Ariz. Apr. 22, 2024).......................... 12

**OTHER AUTHORITIES**

Federal Judicial Center, *Manual for Complex Litigation*, (4th ed. 2004) ........................................ 4

v

## I.   INTRODUCTION

This class action lawsuit stems from a data security incident impacting Defendant California Northstate University, LLC's systems that resulted in unauthorized access to its systems. Plaintiffs allege the impacted information included personally identifiable information ("PII") belonging to Plaintiffs and the Class. Joint Declaration of Class Counsel ("Joint Decl."), ¶ 4, attached hereto as **Exhibit 1**. After protracted arm's length settlement negotiations, reviewing informal discovery, and assessing the strengths and weaknesses of the case, the Parties reached a settlement that is fair, reasonable, and adequate. *Id*. The Court preliminarily approved the Settlement on December 9, 2025. ECF No. 48. The Court approved the Notice Program notifying the Settlement Class of the Settlement and their rights thereunder, which is currently being implemented by the Settlement Administrator, Kroll Settlement Administration, LLC. *Id*. Class Counsel[2] now move the Court for an order awarding attorneys' fees, expenses, and Service Awards to compensate Class Counsel and Plaintiffs for the work they performed that resulted in an outstanding Settlement for the Class.

Class Counsel negotiated a class action settlement that provides substantial benefits to Settlement Class Members in the form of a $400,000.00 non-reversionary common fund. The Settlement provides reimbursement for documented out-of-pocket losses or, alternatively, a *pro rata* cash payment estimated at $100.00, as well as Credit Monitoring services. S.A. ¶¶ 70(a)-(c). If there are funds remaining from uncashed checks in the Settlement Fund after 180 days, all remaining funds will be distributed to an appropriate and mutually agreeable *cy pres* recipient to be approved by the Court. *Id*. ¶ 106.  Additionally, Class Counsel received assurances (in the form of a confidential declaration) that Defendant has implemented information security enhancements since the Security Incident and estimating, to the extent reasonably calculable, the annual cost of those enhancements. *Id*. ¶ 72. This Settlement represents an excellent result for the Settlement Class and was obtained against a Defendant represented by a well-regarded and experienced

---

[2] "Class Counsel" refers to Kristen Lake Cardoso of Kopelowitz Ostrow P.A., Leanna A. Loginov of Shamis & Gentile, P.A., Scott Edelsberg of Edelsberg Law, P.A. and Cassandra P. Miller of Strauss Borrelli PLLC.

PLAINTIFF'S UNOPPOSED MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

national defense law firm. Joint Decl., ¶ 14. Although Class Counsel believe in the merits of Plaintiffs' claims, this litigation was inherently risky and complex. *Id.* The claims involve the intricacies of data breach litigation (a fast-developing area in the law), and Plaintiffs would face risks at each stage of litigation. *Id.* Against these risks, it was through the hard-fought negotiations and the skill and hard work of Class Counsel and Plaintiffs that the Settlement was achieved for the benefit of the Settlement Class. *Id.*

Class Counsel now respectfully move this Court for an award of attorneys' fees in the amount of <u>$100,000.00</u> (25% of the $400,000.00 Settlement Fund) and reimbursement of litigation costs and expenses in the amount of <u>$1,614.02.</u> *Id.* ¶ 104. The fee request was also clearly delineated in the notice materials provided to the Settlement Class. ECF No. 42-1 (Ex. A to the Settlement Agreement). As of the date of this filing, no Settlement Class Member has objected to the Settlement or the requested attorneys' fees. Joint Decl., ¶12. When applying the relevant factors and standards, this request falls well within the range of reasonableness for fee requests in the Ninth Circuit. Class Counsel's fee and expense request is fair and reasonable under both a percentage of the fund approach and a lodestar approach.

Class Counsel also seek Service Awards for the Class Representatives in the amount of <u>$2,000.00</u> for their efforts on behalf of the Settlement Class. For each of the reasons identified below, the instant Motion should be granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND AND SUMMARY OF THE SETTLEMENT TERMS.

In the interest of judicial efficiency, for factual and procedural background on this case and a summary of the Settlement terms, Plaintiffs respectfully refer this Court to and hereby incorporate by reference Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 42), and the accompanying Exhibits, including the Settlement Agreement, filed in conjunction therewith.

2

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

## III.     ARGUMENT

### A.     The Court Should Approve Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

#### 1.     Applicable Legal Standards

District courts may award attorneys' fees and costs to a prevailing plaintiff where "the successful litigants have created a common fund for recovery or extended substantial benefit to the class." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975)). Where counsel for a class seeks fees from a common fund, courts within the Ninth Circuit have discretion to employ either the percentage-of-fund or the lodestar-multiplier method to determine whether the fee request is reasonable. *See In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–49 (9th Cir. 2002); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Regardless of the chosen method, courts must award attorneys' fees based on an evaluation of "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Under the "percentage-of-the-fund" method, the "court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. Most courts have found the percentage approach superior in cases with a common-fund recovery because it (i) parallels the use of percentage-based contingency fee contracts; (ii) aligns the lawyers' interests with that of the class in achieving the maximum possible recovery; and (iii) reduces the burden on the court by eliminating the detailed and time-consuming lodestar analysis. *See Vinh Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the

3

highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires.").

The lodestar-multiplier method, in contrast, "is typically used when the relief obtained is 'not easily monetized.'" *Ahmed v. HSBC Bank United States*, 2019 WL 13027266, at *5–6 (C.D. Cal. Dec. 30, 2019) (internal citation omitted). It also "inadequately responds to the problem of risk." *See In re: Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) (without the percentage-of-the-fund method of calculating fees, "very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing") (citation omitted).

Whether applying the lodestar or percentage method, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also In re Bluetooth*, 654 F.3d at 942 ("Foremost among these considerations . . . is the benefit obtained for the class."); Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, 336 (4th ed. 2004) ("[The] fundamental focus is on the result actually achieved for class members."). Under either approach, the award requested here is fair and reasonable.

### 2.  The Requested Fee is Reasonable Under the Percentage of the Fund Method.

When assessing the reasonableness of an attorneys' fee award under the percentage of the fund method, courts consider "(1) the size of the fund (and thus the resulting size of the percentage fee award); (2) quality of the results obtained by counsel; (3) risk undertaken by counsel; (4) incidental or non-monetary benefits conferred by settlement; (5) effort expended by counsel; and (6) counsel's reasonable expectations based on the circumstances of the case and fee awards in other cases." *Vizcaino*, 290 F.3d at 1047–50. Here each of these factors supports Class Counsel's requested fee amount. The requested 25% award matches the Ninth Circuit's benchmark and is below the percentages frequently approved in similar contingent data breach settlements.

4

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

#### i.    Factors 1, 2, and 4: The Size of the Fund, the Benefits Obtained, and the Quality of the Results.

Through Class Counsel's efforts and negotiations, Class Counsel quickly achieved an excellent Settlement of $400,000.00 for approximately 9,978 Settlement Class members. The Settlement provides three (3) separate forms of relief: (i) reimbursement of documented losses up to $5,000.00, or alternatively, a *pro rata* flat cash payment in the estimated amount of $100.00; (ii) one year of three-bureau Credit Monitoring Services; and (iii) business practice changes designed to improve data security. S.A. ¶¶ 70, 72.

Regarding the business practice changes, Defendant has provided assurances in the form of a sworn declaration attesting to the amount of money spent by Defendant on remediation efforts and security enhancements. *Id.* ¶ 72. These business practice changes will benefit every Settlement Class member regardless of if they submit a claim for monetary relief. Most importantly, the injunctive relief made available through the Settlement mirrors the relief Settlement Class members could expect to receive only after a successful trial, adding further value to the Settlement. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 17-md-2800-TWT, 2020 WL 256132, at *3 (N.D. Ga. Mar. 17, 2020) (finding commitment to invest in "data security and related technology substantially benefits the class because it ensures adequate funding for securing plaintiffs' information long after the case is resolved."), *rev'd in part on other grounds, In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. June 3, 2021).

Considering these benefits, and assuming each member of the Settlement Class (9,978 individuals) submits a claim for the pro rata flat payment estimated at approximately $100, the Settlement represents an average recovery of approximately $20.62 per class member when the value of the Settlement Fund is distributed across the entire Settlement Class. See ECF No. 46 at 8. This per-person value exceeds that of many comparable data privacy settlements nationwide. *See, e.g.*, *Kondo v. Creative Servs. Inc.*, No. 1:22-cv-10438, ECF No. 39 (D. Mass.) (approximate recovery of $7.26 per class member); *Desue v. 20/20 Eye Care Network, Inc.*, No. 21-CIV-61275-

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

RAR, 2023 WL 4420348 (S.D. Fla.) (approximate recovery of $0.75 per class member); *Kostka v. Dickey's Barbecue Restaurants Inc.*, No. 3:20-cv-3424, ECF No. 103 (N.D. Tex.) (approving $2.35 million common fund in data breach settlement, which was worth approximately $3.24 per class member); *In re Forefront Data Breach Litig.*, No. 1:21-CV-00887, ECF No. 81 (E.D. Wis. March 1, 2023) (approving $3.75 million fund in data breach settlement, which equaled approximately $1.55 per class member); *Dearing v. Magellan Health Inc. et al.*, No. CV2020-013648 (Supr. Ct. Ariz., Maricopa Cty.) (approving $1.43 million fund in data breach class action with 273,000 class members, for an approximate per class member value of $5.24); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018) (approving a settlement where the settlement value per class member was $1.45).

The settlement has also been well received by the Settlement Class. As of the filing of this motion, the Settlement Administrator reports a reach rate of approximately 97.96%, with 745 valid claims submitted from a class of 9,978 members—a claims rate of approximately 7.47%. Only one Settlement Class Member opted out and no objections were filed.

In sum, the sizable Settlement Fund coupled with the business practice changes should lead the Court to conclude that factors 1, 2, and 4, support an award of the requested fee.

### ii.    Factor 3: The Risk Undertaken by Counsel

Class Counsel assumed significant risk of nonpayment or underpayment of attorneys' fees by undertaking this case. Joint Decl., ¶23. Class Counsel took this case on a purely contingent basis with the understanding that they would only be compensated if there was a recovery for Plaintiffs, and Court approval of the requested fees. *Id*. This litigation began in 2024 and has required the devotion of substantial time, totaling more than <u>292 hours</u> from Class Counsel to date. *Id*. ¶18. This case, as with most class action lawsuits, required a significant commitment of time and resources from Class Counsel. *Id*. This time could have been devoted to other fee generating matters of lesser risk and complexity. *Id*. ¶23. As such, neither compensation for their time nor reimbursement of their costs were guaranteed to Class Counsel. *Id.*

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Furthermore, the risk of non-payment is especially prevalent in data breach cases. Many data breach cases are dismissed in their entirety at the motion to dismiss stage providing no relief for the class and no payment for class counsel. *See, e.g.*, *Scifo v. Alvaria, Inc.*, No. 23-CV-10999-ADB, 2024 WL 4252694 (D. Mass. Sept. 20, 2024) (dismissing data breach case for lack of Article III standing); *Rivera-Marrero v. Banco Popular de Puerto Rico*, No. CV 22-1217 (ADC), 2023 WL 2744683 (D.P.R. Mar. 31, 2023) (similar); *Johnson v. Yuma Reg'l Med. Ctr.*, No. CV-22-01061-PHX-SMB, 2024 WL 4803881 (D. Ariz. Nov. 15, 2024) (dismissing data breach case in its entirety); *Gannon v. Truly Nolen of Am. Inc.*, No. CV 22-428-TUC-JAS, 2023 WL 6536477 (D. Ariz. Aug. 31, 2023) (dismissing data breach case in its entirety). It is evident from the case law above that by undertaking this case, Class Counsel ran a significant risk of non-payment. Therefore, this factor weighs in favor of approval of the requested fee.

### iii.    Factor 5: Efforts Expended by Counsel.

Class Counsel devoted substantial time, labor, and resources to achieve the Settlement. Since inception of the case, Class Counsel have documented 292.7 hours in this case to date. Joint Decl., ¶18. This time does not include the time spent preparing the Motion for Final Approval, preparing for the Final Approval Hearing, supervising the settlement administration process, and responding to Settlement Class member inquiries about their payments. *Id*. All these activities will require Class Counsel to accrue additional time and fees. *Id*. As a result, Class Counsel estimate they will incur an additional 20–30 hours assisting Settlement Class Members and completing the Settlement approval process. *Id*.

Although Class Counsel consistently sought to keep costs and fees to a minimum, this case required a significant investment of time and effort. *Id*. ¶12. The action was brought against a large institution represented by counsel experienced in data privacy litigation. *Id*. Class Counsel's efforts in this matter included:

a. fully investigating the facts and legal claims, including interviewing and vetting multiple potential plaintiffs;

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

    b.  obtaining and reviewing documents from Class Members substantiating their claims;

    c.  drafting and preparing the complaints, as well as conducting extensive research for those complaints;

    d.  regularly communicating with the named Plaintiffs to keep them apprised of the progress in the action;

    e.  requesting, obtaining, and reviewing documents and information from Defendant regarding the Data Incident, and Defendant's remedial measures after the Data Incident;

    f.  analyzing the strengths and weaknesses of the case;

    g.  participating in months of settlement negotiations with Defendant to reach and finalize the Settlement Agreement, proposed orders, and notice documents;

    h.  developing the Notice Program and distribution plan for the Settlement;

    i.  soliciting bids from several settlement administrators to ensure the Settlement Class received the most effective notice program at a reasonable cost;

    j.  obtaining Preliminary Approval of the Settlement;

    k.  aiding Class members with questions about the Claim process and submitting Claims;

    l.  conducting research and subsequently drafting Plaintiffs' Motion for Application for Attorneys' Fees, Costs, and Service Awards; and

    m. working with the Settlement Administrator to implement the Notice Program and oversee the Claim process.

*Id*. For these reasons, the time and labor required strongly support finding that the requested fee is reasonable.

### iv.    *Factor 6: Awards in Similar Cases.*

Furthermore, the attorneys' fees awarded in similar cases support the requested fee here. Plaintiffs request the Court award 25% of the Settlement Fund (or $100,000.00). The Ninth Circuit's "benchmark" for common-fund fees is 25%, but courts may adjust that figure upward or

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

downward based on case-specific factors. *Vizcaino*, 290 F.3d at 1048–50. Where class counsel achieve an excellent result, assume substantial litigation risk, and prosecute the case efficiently on a contingent basis, courts routinely approve 33.33% awards, which is greater than what Plaintiffs request here. *See, e.g.*, *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding 33.33%, noting this "falls within the typical range" for complex class actions); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (granting 33.33%, emphasizing contingent risk and quality of result). Therefore, each of the Vizcaino factors supports the requested fee award.

### 3. The Lodestar Method Confirms the Reasonableness of the Requested Fee.

Application of the lodestar method confirms the propriety of Class Counsel's fee request. "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "In applying the 'lodestar method,' courts consider non-attorney fees, such as paralegal, secretarial, and technician services, as part of the attorney's fees calculation." *Ctr. for Biological Diversity v. Env't Prot. Agency*, No. C 17-00720 WHA, 2017 WL 6761932, at *4 (N.D. Cal. Dec. 4, 2017), *report and recommendation adopted*, No. C 17-00720 WHA, 2018 WL 264087 (N.D. Cal. Jan. 2, 2018). "The court may adjust [the lodestar] upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941–42.

### i. The Number of Hours Claimed is Reasonable

Class Counsel devoted substantial time, labor, and resources to achieve the Settlement. Since inception of the case, Class Counsel have documented 292.7 hours spent to date litigating this case, at a value of $224,387.50, when multiplied by their customary rates, as depicted by the

9

chart below:

| Firm | Hours | Lodestar | Expenses |
|---|---|---|---|
| Kopelowitz Ostrow P.A. | 80 | $74,925.00 | $0.00 |
| Shamis & Gentile, P.A. | 39 | $29,800.00 | $0.00 |
| Edelsberg Law, P.A | 14.9 | $13,105.00 | $824.02 |
| Strauss Borrelli PLLC | 160.80 | $106,557.50 | $790.00 |
| **TOTAL** | **292.7** | **$224,387.50** | **$1,614.02** |

Class Counsel maintained contemporaneous, detailed time records billed in 6-minute increments. Joint Decl., ¶13. In anticipation of the filing of their Application for Attorneys' Fees, Costs, and Service Awards, Class Counsel collectively reviewed the time submissions, audited them, and reduced hours that appeared duplicative, excessive, or unnecessary. *Id.*

As detailed above and in the attached Declaration, these hours include: (1) engaging in extensive efforts to develop strategic plans; (2) extensive background investigation; (3) vetting potential class representatives; (4) extensively researching and filing the complaints to address arguments raised by Defendant; (5) meeting and conferring with defense counsel; (6) undertaking substantial investigation of the Data Incident and the corporate structure of Defendant; (7) negotiating the details of the Settlement Agreement over multiple months and securing preliminary approval of the Settlement; (8) preparing the preliminary approval motion papers; (9) obtaining bids from multiple claims administration firms and working with the Settlement Administrator to prepare and implement the notice plan and claims process; and (10) monitoring and aiding Settlement Class Members in this claims process. *Id.* ¶14.

However, additional work will be required. The lodestar chart above does not include the time spent preparing the Motion for Final Approval, preparing for and traveling to the Final Approval Hearing, supervising the Claim process, or responding to Settlement Class Member inquiries about their payments after the Settlement receives Final Approval, all of which will require Class Counsel to accrue additional time and fees. *Id.* ¶18. Class Counsel estimate they will incur an additional 20–30 hours completing the settlement administration process. *Id.* Thus, the lodestar cross-check confirms that the requested fee is conservative and well within the range

10

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

approved by courts in this Circuit.

### ii.    The Hourly Rates are Reasonable.

To assist the court in calculating the lodestar, a plaintiff must submit "satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant community is that in which the district court sits. *See Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir.1995).

Here, Class Counsel's hourly rates have been approved by courts within this Circuit in other data privacy litigation similar to this Action. *See, e.g., Perez, et al. v. Carvin Wilson Software, LLC*, No. CV-23-00792, ECF Nos. 48-1, 53 (D. Ariz.) (approving Federman & Sherwood's hourly rate range of $300–$1,150); *Hogsed v. PracticeMax, Inc.*, No. 2:22-cv-01261, ECF Nos. 42-1, 45 (D. Ariz.) (approving hourly rate range from $125.00–$1,450.00); *In re: Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.*, No. 3:23-cv-04089, ECF Nos. 68, 74 (N.D. Cal.) (approving partner hourly rate of $1,150.00, attorney hourly rate of $600.00, and paralegal hourly rate of $300.00); *In re Solara Medical Supplies Data Breach Litigation*, No. 3:19-cv-02284, ECF Nos. 148, 150 (S.D. Cal.); *In re Ethos Tech. Inc. Data Breach Litig.*, No. 3:22-cv-09203, ECF Nos. 43, 68 (N.D. Cal.) (approving Strauss Borrelli's hourly rates ranging from $150-700). Thus, the hourly rates on which Class Counsel's lodestar is based are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Joint Decl., ¶22.

### iii.    Class Counsel's Lodestar Reflects a Modest Multiplier.

Class Counsel's requested fee reflects a negative lodestar multiplier of approximately 0.44, further demonstrating the reasonableness of the fee sought. Multipliers within this range are routinely approved by courts in this Circuit and are particularly appropriate here given the complexity of the case, the significant risk of nonpayment, the quality of Class Counsel's work, and the substantial benefit achieved for the Settlement Class. *See, e.g., Hopkins v. Stryker Sales*

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

*Corp.*, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n. 6 (9th Cir.) (noting that lodestar multipliers "ranging from one to four are frequently awarded"); *Zwicky v. Diamond Resorts Inc.*, No. CV-20-02322-PHX-DJH, 2024 WL 1717553, at *6 (D. Ariz. Apr. 22, 2024) (awarding lodestar multiplier of 3.879).

### 4. The Requested Fee Award is Not the Product of Collusion

In evaluating the Motion for Preliminary Approval, the Court considered all three signs of collusion that the Ninth Circuit has identified. *Briseno v. ConAgra Foods, Inc.,* 998 F.3d 1014, 1022 (9th Cir. 2021); *see also McKinney-Drobnis*, 16 F.4th at 607–08. Nothing in the record changes the Court's preliminary conclusion regarding these factors.

The Settlement is non-reversionary—a factor that weighs against any indicia of collusion. In the event that there are funds remaining from uncashed checks in the Settlement Fund after 180 days, all remaining funds will be distributed to an appropriate and mutually agreeable *cy pres* recipient to be approved by the Court. S.A. ¶ 106. Cases in the Ninth Circuit that have identified "subtle signs" of collusion include those where the defendant is set to recover some of the settlement fund through a reversionary agreement. *See*, *e.g.*, *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021) ("[W]e have identified 'reverter' or 'kicker' provisions as red flags."); *Zwicky v. Diamond Resorts Mgmt. Inc.*, --- F.R.D. ---, No. CV-20-02322-PHX, 2022 WL 16950222, *14 (D. Ariz. Nov. 15, 2022) (granting preliminary approval of class but denying settlement without prejudice to re-file and correct, *inter alia*, "subtle signs" of collusion); *Maree v. Deutsche Lufthansa AG*, No. 8:20-cv-00885, 2022 WL 5052582, *4 (C.D. Cal. Sep. 30, 2022) (denying claims-made settlement due to the "clandestine" nature of settlement negotiations conducted without any formal discovery). However, where the settlement is non-reversionary, but a clear-sailing agreement exists, courts have found that the clear-sailing agreement is not necessarily a strong indicator of collusion. *See Lim v. Transforce, Inc.*, No. LA CV19-04390 JAK, 2022 WL 17253907, *12 (C.D. Cal. Nov. 15, 2022) (granting preliminary approval and finding no

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

collusion where non-reversionary settlement reached under supervision of mediator); *Lusk v. Five Guys Enters. LLC,* No. 1:17-cv-00762-AWI, 2022 WL 4791923, *9 (E.D. Cal. Sep. 30, 2022) (finding no collusion based on same). Here, the fee will be determined solely by the Court and paid from the common fund, and there is no reversion or kicker provision.

Next, the Settlement Agreement calls for a monetary distribution in addition to injunctive relief, which weighs against a finding of collusion.[3] *See Vu v. I Care Credit, LLC*, No. CV 17-04609 RAO, 2022 WL 22871480, at *9 (C.D. Cal. Nov. 4, 2022). Class Counsel received assurances (in the form of a sworn declaration) that Defendant has implemented information security enhancements since the Security Incident and attesting to the amount of money spent on remediation and security enhancements. S.A. ¶ 72.

**B.    Class Counsel Are Entitled to Reimbursement of Litigation Costs.**

Under well-settled law, Class Counsel are entitled to recover "out-of-pocket expenses that would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal citation and quotation marks omitted). "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, No. SACV 06–350 DOC (JCx), 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012). Courts routinely approve reimbursement of such expenses from the common fund. *See In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, No. CV-87-3962, 1989 WL 73211, at *6 (C.D. Cal. Mar. 9, 1989). Such expense awards comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

To date, Plaintiffs' Counsel collectively incurred $1,614.02 in unreimbursed litigation costs. As explained in the supporting Declaration filed herewith, the reimbursement requested is

---

[3]  The Ninth Circuit has held that courts should "take into account the present nonmonetary benefit bestowed upon plaintiffs' class" when evaluating the appropriateness of a fee award. *Loring v. City of Scottsdale*, 721 F.2d 274, 275 (9th Cir. 1983).

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

for unavoidable expenses such as filing fees and pro hac fees—all of which inured to the benefit of the Class. Joint Decl., ¶12. These expenses are typical of litigation, reasonable in amount, and were necessary for advancement of the action. *Id*. For these reasons, Class Counsel's expenses should be approved.

### C.     The Court Should Approve the Service Awards.

"It is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards." *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198, 2017 WL 661352, at *4 (N.D. Cal. Feb. 17, 2017) (citation omitted). Service awards, which are discretionary, "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).

Plaintiffs expended considerable effort on behalf of the Class, including answering detailed questionnaires and providing essential information to Class Counsel to prosecute their claims; collecting documents and other evidence that supported their claims; agreeing to face invasive and time-consuming discovery, if necessary; reviewing pleadings and coordinating with Class Counsel as to the status of, and strategy for, the action; conferring with Class Counsel about the settlement negotiations; and considering and approving the Settlement terms on behalf of the Class. Joint Decl., ¶ 26. Plaintiffs' commitment to the Class's interests and desire to remedy these issues warrants recognition in the form of the requested Service Awards. A $2,000.00 payment is presumptively reasonable. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015).

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court award attorneys' fees in the amount of $100,000.00 (25% of the total value of the Settlement), reimbursement of litigation expenses in the amount of $1,614.02, and award Service Awards of $2,000.00 to each Class Representative.

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Dated: March 6, 2026                    Respectfully submitted,

                                        By: */s/ Cassandra P. Miller*
                                            Cassandra P. Miller*
                                            Andrew G. Gunem (SBN 354042)
                                            **STRAUSS BORRELLI PLLC**
                                            One Magnificent Mile
                                            980 N. Michigan Avenue, Ste. 1610
                                            Chicago, IL 60611
                                            Telephone: (872) 263-1100
                                            Facsimile: (872) 263-1109
                                            cmiller@straussborrelli.com
                                            agunem@straussborrelli.com

                                            Kristen Lake Cardoso (SBN 338762)
                                            **KOPELOWITZ OSTROW P.A.**
                                            One W. Las Olas Blvd., Ste. 500
                                            Fort Lauderdale, Florida 33301
                                            Telephone: (954) 990-2218
                                            cardoso@kolawyers.com

                                            Scott Edelsberg (SBN 330990)
                                            **EDELSBERG LAW, P.A.**
                                            1925 Century Park E #170
                                            Los Angeles, CA 90067
                                            Telephone: (305) 975-3320
                                            scott@edelsberglaw.com

                                            Leanna A. Loginov*
                                            **SHAMIS & GENTILE, P.A.**
                                            14 NE 1st Ave, Suite 705
                                            Telephone: (305) 479-2299
                                            lloginov@shamisgentile.com

                                            *Pro Hac Vice*

                                            *Attorneys for Plaintiffs and the Proposed
                                            Settlement Class*

15

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS

**<u>CERTIFICATE OF SERVICE</u>**

I, Cassandra P. Miller, hereby certify that on March 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, via the ECF system.

DATED this 6th day of March, 2026.

STRAUSS BORRELLI PLLC


By: */s/ Cassandra P. Miller*
     Cassandra P. Miller
     STRAUSS BORRELLI PLLC
     One Magnificent Mile
     980 N. Michigan Ave., Suite 1610
     Chicago, IL 60611
     Telephone: (872) 263-1100
     Facsimile: (872) 263-1109
     cmiller@straussborrelli.com

PLAINTIFFS' MOTION FOR APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS